# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| FRANK HOON, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON CONTROLS, INC.<br><br>Defendant. | Case No. 2:25-cv-00955 |
| KODI ZAPLOTINSKY-CAMERON, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON CONTROLS, INC.<br><br>Defendant. | Case No. 2:25-cv-00958 |
| MOHAMMAD ALKHATIB, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON CONTROLS, INC.<br><br>Defendant. | Case No. 2:25-cv-00968 |
| CONSTANCE SCOTT-LAROSA, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON CONTROLS, INC.<br><br>Defendant. | Case No. 2:25-cv-00969 |

# PLAINTIFFS' JOINT MOTION FOR CONSOLIDATION OF CASES AND JOINT REQUEST TO APPOINT INTERIM CLASS COUNSEL

Pursuant to Federal Rules of Civil Procedure 42(a), plaintiffs in four related cases: *Hoon v. Johnson Controls, Inc.* 2:25-cv-00955; *Zaplotinsky-Cameron v. Johnson Controls, Inc.* 2:25-cv-00958; *Alkhatib v. Johnson Controls, Inc.* 2:25-cv-00968, and *Scott-LaRosa v. Johnson Controls, Inc.* 2:25-cv-00969 (the "Related Actions"), by their respective counsel, jointly move for the actions, along with any subsequently filed related actions, to be consolidated for all pretrial and trial proceedings, and respectfully request the Court enter an Order to consolidate these actions and set deadlines for filing a consolidated complaint.

Pursuant to Federal Rule of Civil Procedure 23(g), plaintiffs further request that the Court appoint Interim Co-Lead Class Counsel consisting of Raina Borrelli of Strauss Borrelli PLLC, Jeff Ostrow of Kopelowitz Ostrow Ferguson Weiselberg Gilbert, Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC and Kevin Laukaitis of Laukaitis Law, LLC (collectively, "Proposed Interim Co-Lead Class Counsel"). Appointment of interim class counsel clarifies responsibility for protecting the interests of the class during precertification activities and ensures an orderly and efficient prosecution of this matter.

Plaintiffs' counsel was not able to consult with counsel for Defendant Johnson Controls, Inc. ("Defendant") about this Motion as counsel has not yet appeared.

Plaintiffs have filed a memorandum of law contemporaneously herewith. In support, Plaintiffs state:

1. Plaintiffs' actions are currently pending in this District and arise out of the same or similar operative facts and allegations.

2. Starting on July 3, 2025, plaintiffs filed actions arising out of the data security incident experienced by Defendant between February 1, 2023 and September 30, 2023.

3. Federal Rule of Civil Procedure 42(a) states that: "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."

4. Civil L. R. 42(a) states that: "When a party moves to consolidate two or more cases, whether for a limited purpose or for all future proceedings, the motion to consolidate and supporting materials must be captioned with the case name and numbers of all cases sought to be consolidated. Service and filing must be affected in all of the cases sought to be consolidated."

5. Pursuant to Federal Rule of Civil Procedure 42(a) and Civil L. R. 42(a), and to conserve the resources of the Court and the parties, Plaintiffs seek to consolidate the four Related Actions for all purposes, including pretrial proceedings and trial, before the Honorable Brett H. Ludwig as a consolidated case (hereafter the "Consolidated Action").

6. To ensure consistent and efficient adjudications in this Court, Plaintiffs request that the "Consolidated Action" will bear the Master File No. 2:25-cv-00955, the number assigned to the first-filed case and reflect the following caption:

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| **IN RE: JOHNSON CONTROLS, INC. DATA INCIDENT LITIGATION**<br><br>**This Document Relates To:** | **Master File No: 2:25-cv-00955** |

7. Plaintiffs request that the cases filed be consolidated under the first filed action, Master File No. 2:25-cv-00955. Plaintiffs further request that (1) when a pleading is intended to apply to all actions to which this Order applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption described above; and (2) when a pleading is not intended to apply to all actions, the docket number for each individual action to

which the paper is intended to apply and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption identified above, *e.g.*, "No. 2:25-cv-00955 ("*Hoon*")."

8. Plaintiffs further request that any action subsequently filed in, transferred to, or removed to this Court that arises out of the same or similar operative facts and allegations as the Consolidated Action, be consolidated with the Consolidated Action for pre-trial purposes. The Parties should be directed to file a "Notice of Related Action" whenever a case that should be consolidated into this action is filed in, transferred to, or removed to this District.

9. If the Court determines that the case is related, Plaintiffs propose that the clerk:

   a. Place a copy of this Order in the separate file for such action;
   b. Serve on counsel for the plaintiff(s) in the new case a copy of this Order;
   c. Direct that this Order be served upon defendant(s) in the new case; and
   d. Make an appropriate entry in the Master Docket.

10. Plaintiffs propose to file a Consolidated Complaint no later than thirty (30) days following the entry of an Order for Consolidation.

11. Plaintiffs propose that Defendant shall file an answer or otherwise respond to the Consolidated Complaint within thirty (30) days of its filing.

12. The Federal Rules of Civil Procedure authorize the Court to designate interim lead counsel before the class is certified. Fed. R. Civ. P. 23(g)(3).

13. Appointing lead counsel prior to class certification "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation (4th) § 21.11.

14. In appointing class counsel, the court "must consider (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the type of claims asserted in the action; (iii) counsel's knowledge of the applicable law, and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. Rule 23(g)(1)(A).

15. Proposed Interim Co-Lead Class Counsel are experienced data breach class action litigators, having between them successfully obtained relief for millions of victims of data breaches throughout the United States.

16. Proposed Interim Co-Lead Class Counsel have committed substantial, yet appropriate, resources and time to organizing and advancing the actions arising out of the Data Breach.

17. Proposed Interim Co-Lead Class Counsel are willing and able to expend the resources necessary to ensure the vigorous prosecution of the claims of Plaintiffs and Class members.

18. A proposed form order granting this Motion to Consolidate is filed herewith.

WHEREFORE, Related Action Plaintiffs respectfully request that the Court grant their Joint Motion for Consolidation of Cases and Joint Request to Appoint Interim Class Counsel and issue an Order in accordance with the proposed order submitted herewith.

Dated: July 9, 2025      By: /s/ *Samuel J. Strauss*
Samuel J. Strauss (WI Bar #1113942)
Raina C. Borrelli*
STRAUSS BORRELLI PLLC
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
sam@straussborrelli.com

raina@straussborrelli.com

*Attorneys for Plaintiff Hoon and the proposed Class*

    */s/ John D. Blythin*
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
ADEMI & FRUCHTER LLP
3620 East Layton Avenue
Cudahy, Wisconsin 53110 sademi@ademilaw.com
jblythin@ademilaw.com
Tel: (414) 482-8000
Fax: (414) 482-8001

Jeff Ostrow*
Ken Grunfeld*
Courtney E. Maccarone*
KOPELOWITZ OSTROW FERGUSON
WEISELBERG GILBERT
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Tel: (954) 525-4100 grunfeld@kolawyers.com
ostrow@kolawyers.com
maccarone@kolawyers.com

*Attorneys for Plaintiff Plotinsky-Cameron and the proposed Class*

    */s/ Gary M. Klinger*
Gary M. Klinger
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: 866.252.0878
Email: gklinger@milberg.com

*Attorney for Plaintiff Alkhatib and the Proposed Class*

Kevin Laukaitis
LAUKAITIS LAW LLC
954 Avenida Ponce De Leon
Suite 205, #10518
San Juan, PR 00907
T: (215) 789-4462
klaukaitis@laukaitislaw.com

5

*Attorneys for Plaintiff Scott-Larosa and the Proposed Class*

*\*pro hac vice* forthcoming

# CERTIFICATE OF SERVICE

I, Samuel J. Strauss, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 9th day of July, 2025.

        STRAUSS BORRELLI PLLC

By: */s/ Samuel J. Strauss*
    Samuel J. Strauss
    sam@straussborrelli.com
    STRAUSS BORRELLI PLLC
    One Magnificent Mile
    980 N Michigan Avenue, Suite 1610
    Chicago IL, 60611
    Telephone: (872) 263-1100
    Facsimile: (872) 263-1109

7

Case 2:25-cv-00955-BHL    Filed 07/09/25    Page 8 of 8    Document 2