**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| FRANK HOON, individually, and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>    -against-<br><br>JOHNSON CONTROLS, INC.,<br><br>                Defendant. | Case No. 2:25-cv-00955 |
| MOHAMMAD ALKHATIB, individually, and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>    -against-<br><br>JOHNSON CONTROLS, INC.,<br><br>                Defendant. | Case No. 2:25-cv-00968 |
| DEREK HEFLEY, individually, and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>    -against-<br><br>JOHNSON CONTROLS, INC.,<br><br>                Defendant. | Case No. 2:25-cv-01036 |

| | |
|---|---|
| JENNIFER GORMAN, individually, and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>-against-<br><br>JOHNSON CONTROLS, INC.,<br><br>     Defendant. | Case No. 2:25-cv-01049 |

**JOINT MOTION BY INTERVENORS DEREK HEFLEY AND JENNIFER GORMAN TO INTERVENE AND ESTABLISH SCHEDULE FOR MOTIONS TO APPOINT INTERIM CLASS COUNSEL**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... IV

PRELIMINARY STATEMENT ............................................................................................. 1

THE COURT SHOULD NOT APPOINT INTERIM LEAD COUNSEL
UNTIL IT HAS HAD AN ADEQUATE OPPORTUNITY TO REVIEW
PROPOSALS FROM ALL INTERESTED PLAINTIFFS AND THEIR COUNSEL .................. 2

CONCLUSION ........................................................................................................................ 5

# TABLE OF AUTHORITIES

**CASES**

*In re Enzo Biochem Data Sec. Litig.*,
  No. CV234282GRBAYS, 2023 WL 6385387 (EDNY Sept. 29, 2023) .................................. 4

*In re Vanguard Chester Funds Litig.*,
  625 F. Supp. 3d 362 (E.D. Pa. 2022) ....................................................................................... 4

*Nowak v. Ford Motor Co.*,
  240 F.R.D. 355 (E.D. Mich. 2006) .......................................................................................... 4

*Outten v. Wilmington Trust Corp.*,
  281 F.R.D. 193 (D. Del. 2012) ................................................................................................ 4

**STATUTES**

Fed. R. Civ. P. 23(g) ............................................................................................................ passim

Fed. R. Civ. P. 24 ........................................................................................................................ 1

Proposed Intervenors Derek Hefley and Jennifer Gorman ("Intervenors"), by and through their undersigned respective counsel, jointly move this Court, pursuant to Rule 24 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), to intervene in the cases captioned, *Frank Hoon v. Johnson Controls Inc.*, Case No. 2:25-cv-00955 (EDWI) ("*Hoon* Action") and *Mohammad Alkhatib v. Johnson Conrols Inc.*, Case No. 2:25-cv-00968 (EDWI) ("*Alkhatib* Action"). If granted permission to intervene, Intervenors also respectfully ask the Court to set a schedule by which all interested counsel may apply for appointment as Interim Class Counsel pursuant to Fed. R. Civ. P. 23(g).

**PRELIMINARY STATEMENT**

As of July 18, there are at least eight (8) cases pending in the United States District Court for the Eastern District of Wisconsin arising from the data breach at Defendant Johnson Controls, Inc. ("Defendant"). The cases have all been filed within a week of each other— between July 7, 2025 and July 18, 2025—with the filings beginning just after Defendant began sending notices to individuals impacted by the data breach. These cases are: *Hoon v. Johnson Controls Inc.*, Case No. 2:25-cv-00955-BHL (EDWI) (filed July 3, 2025); *Scott-LaRosa v. Johnson Controls Inc.*, Case No. 2:25-cv-00969-BHL (EDWI) (filed July 7, 2025); *Zaplotinsky-Cameron v. Johnson Controls Inc.*, Case No. 1:25-cv-00531 (EDWI) (filed July 7, 2025); *Alkhatib v. Johnson Controls Inc.*, Case No. 2:25-cv-00968-BHL (EDWI) (filed July 7, 2025); *Greenberg et al v. Johnson Controls Inc.*, Case No. 2:25-cv-01004-PP (EDWI) (filed July 11, 2025); *Bunn v. Johnson Controls Inc.*, Case No. 2:25-cv-01028-BHL (EDWI) (filed July 15, 2025); *Hefley v. Johnson Controls Inc.*, Case No. 2:25-cv-01036-PP (EDWI) (filed July 16, 2025); and *Gorman v. Johnson Controls Inc.*, Case No. 2:25-cv-01049-PP (EDWI) (filed July 18, 2025). Six days after the first case was filed, Plaintiffs *Hoon* and *Alkhatib* filed joint Motions to Consolidate Related Actions,

Appoint Interim Lead Counsel, and Set Briefing Schedule ("Motion") (ECF Nos. 2-3 in the *Hoon* Action; ECF No. 2 in the *Alkhatib* Action). Intervenors agree that consolidation of these actions is appropriate, but, for the reasons below, the Court should hold the *Hoon* and *Alkhatib* Plaintiffs' Motion for appointment of Interim Lead Counsel in abeyance until consolidation is effectuated.

To ensure the Court has a meaningful and orderly opportunity to select the "applicant[s] best able to represent the interests of the class"—as required by Fed. R. Civ. P. 23(g)(2)—the Court's consolidation order should establish a process with an appropriate deadline by which additional plaintiffs' counsel may submit applications for leadership appointments. The selection of the best counsel to represent the plaintiff class should not turn on a "race to the courthouse," but rather, on an orderly and deliberative process which affords the Court an adequate opportunity to review all interested counsel's qualifications and submissions.

### THE COURT SHOULD NOT APPOINT INTERIM LEAD COUNSEL UNTIL IT HAS HAD AN ADEQUATE OPPORTUNITY TO REVIEW PROPOSALS FROM ALL INTERESTED PLAINTIFFS AND THEIR COUNSEL

Rule 23(g)(3) of the Federal Rules of Civil Procedure provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." The Manual for Complex Litigation ("MCL") likewise recommends the Court select and authorize one or more attorneys to act on behalf of other counsel and their clients early in complex litigation. *See* MCL 4th § 10.22. p. 24.[1]

While Intervenors agree that designation of Interim Lead Counsel should occur early in the proceedings, this is an important decision for the Court that will determine the representation of the entire putative class for the foreseeable future. It should, accordingly,

---

[1] Federal Judicial Center, Manual for Complex Litigation, Fourth (2004) https://www.uscourts.gov/file/3228/download (last accessed July 18, 2025).

not be made hastily.  The *Hoon* and *Alkhatib* Plaintiffs made their joint request for appointment on July 9, 2025, a mere five business days after filing their first complaint. Since then, it does not appear that Defendant has been served, and at least six (6) further actions have been filed.

The best approach is for the Court to grant consolidation but otherwise hold the Motion in abeyance and set a deadline for all counsel to present their leadership applications. The MCL suggests courts follow this procedure: "invite submissions and suggestions from all counsel and conduct an independent review (usually a hearing is advisable) to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." MCL 4th § 10.22, p. 24.

Rule 23(g) considerations include: (a) work counsel has performed identifying or investigating potential claims in the action; (b) counsel's experience with claims of the type asserted in the action; (c) counsel's knowledge of the applicable law; (d) the resources that counsel will commit to representing the class; and (e) any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(g)(1)(A)(i-iv) and (B); *see also* MCL 4th at § 21.271, p. 278.

While "[n]o single factor should necessarily be determinative in a given case" (Fed. R. Civ. P. 23 Advisory Committee Note (2003)), the experience and ability of the firms to handle class action litigation becomes crucial when all firms have undertaken independent investigations into the underlying facts and legal claims. If more than one adequate applicant seeks to be designated, "the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). Courts have observed that "being the first to file does not create an irrebuttable presumption of a superior investigation. If one plaintiff files first,

but another plaintiff and their counsel perform more substantial post-filing investigation and development of the claims, then the later-filing plaintiff may have shown that they are better suited to represent the interests of the class in the interim." *In re Vanguard Chester Funds Litig.*, 625 F. Supp. 3d 362, 367 (E.D. Pa. 2022) (citing *Outten v. Wilmington Trust Corp.*, 281 F.R.D. 193, 199 (D. Del. 2012)). Placing too much weight on the significance of being "first-to-file" risks incentivizing a counter-productive "race to the courthouse." *See In re Vanguard Chester Funds*, 625 F. Supp. 3d at 367; *see also Nowak v. Ford Motor Co.*, 240 F.R.D. 355, 365 (E.D. Mich. 2006) ("Whether someone was 'first to file' by itself has little to do with who is the best qualified to lead the case and does not satisfy the requirements of Rule 23(g). To hold otherwise would further encourage a 'rush to the courthouse.'").

In this case, as with most data breach litigation, all of the complaints were filed in response to Defendant's notice of the breach and were filed within days of each other. No firm can claim to have investigated and/or developed the claims more than another firm. For this reason, any reliance on which firm was "first to file" is of limited value when selecting the counsel best qualified to represent the putative class. *See In re Enzo Biochem Data Sec. Litig.*, No. CV234282GRBAYS, 2023 WL 6385387, at *3 (EDNY Sept. 29, 2023) ("Since none of the Plaintiffs filed a claim prior to the Breach Notice, this Court places little weight on the sequence of filings in this action.").[2]

Further, that counsel who filed the first two cases in *Hoon* and *Alkhatib* agreed amongst themselves to submit a joint application should not be given significant weight by the Court in

---

[2] *See also Johnson v. Cencora, Inc. et al.,* Case No. 2:24-cv-02227 (E.D. Pa.) (in data breach case, denying as a premature a leadership application that was filed days after the initial complaint was filed); *Nathanson v. Yale New Haven Health Services Corp.*, Case No. 3:25-cv-00609 (D. Conn.) (in data breach case, denying leadership application filed the same day as the initial complaint); *In re: MOVEit Customer Data Sec. Breach Litig.*, Case No. 1:23-cv- 03083 (D. Mass.) (denying as

4

conducting its Rule 23(g) analysis. *See* Newberg and Rubenstein on Class Actions, § 10:11; MCL, 4th, § 10.224 ("[d]eferring to proposals by counsel without independent examination, even those that seem to have the concurrence of a majority of those affected, invites problems down the road if designated counsel turn out to be unwilling or unable to discharge their responsibilities satisfactorily or if they incur excessive costs.").

Setting a reasonable timeframe in which additional plaintiffs' attorneys may submit their leadership applications will not significantly delay the progress of this case and will give the Court an opportunity to fulfill its responsibilities to the putative plaintiff class members by giving itself time to solicit applications from, and choose, the best qualified counsel among the numerous competent candidates with cases on file.

## **CONCLUSION**

Intervenors respectfully request that the Court permit them to intervene in the *Hoon* and *Alkhatib* Actions and set a schedule for all parties to file Interim Class Counsel applications.

Dated: New York, New York  /s/ James F. Woods
July 21, 2025  James F. Woods
Annie E. Causey
WOODS LONERGAN PLLC
60 East 42nd St., Suite 1410

---

moot early filed leadership applications and creating an organized structure for plaintiffs' counsel to submit applications for lead counsel); *Reichbart v. Financial Business and Consumer Solutions, Inc.*, Case No. 2:24-cv-01876 (E.D. Pa.) (in a data breach case, granting motion to intervene and granting parties the opportunity to respond to an earlier filed leadership application); *In re: Wawa, Inc. Data Sec. Litig.*, Case No. 2:19-cv-06019 (E.D. Pa.) (consolidating putative class action cases arising from the Wawa data breach, while rejecting early motions for appointment of leadership and setting a schedule for the process of leadership applications); *In re: Apple Data Privacy Litig.*, Case No. 5:22-cv-07069 (N.D. Cal.) (in a data privacy case the court did not grant the first-filed leadership application but rather ordered the parties to meet and confer on a proposed leadership structure and appointed lead counsel from competing leadership groups after the parties were unable to reach a consensus); *In re: Meta Pixel Healthcare Litig.*, 3:22-cv- 03580-WHO (N.D. Cal.) (in data privacy action, the court consolidated overlapping putative class actions and then ordered plaintiffs' counsel to brief the issue of interim class counsel).

5

New York, NY 10165
Telephone: 212-684-2500
jwoods@woodslaw.com
acausey@woodslaw.com

Patrick J. Schott
State Bar ID #: 1001913
SCHOTT BUBLITZ & ENGEL S.C.
640 W. Moreland Blvd.
Waukesha, Wisconsin 53188
Telephone: (262) 827-8920
pschott@sbe-law.com

Rachele R. Byrd (application for admission forthcoming)
WOLF HALDENSTEIN ADLER FREEMAN & HERTZ LLP
750 B Street, Suite 1820,
San Diego, CA 92101
Telephone: 619-239-4599
byrd@whafh.com

Jon Tostrud (application for admission forthcoming)
Anthony Carter (application for admission forthcoming)
TOSTRUD LAW GROUP, PC
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310-278-2600
Facsimile: 310-278-2640
jtostrud@tostrudlaw.com
acarter@tostrudlaw.com

*Attorneys for Plaintiff Hefley*


Erik Langeland (application for admission forthcoming)
ERIK H. LANGELAND, P.C.
733 Third Avenue, 16th Floor
New York, NY 10017
Telephone: 212-354-6270
elangeland@langelandlaw.com

Blaine Finley (application for admission

forthcoming)
FINLEY PLLC
1455 Pennsylvania Avenue, NW
Suite 400
Washington, D.C. 20004
Tel.: (281) 723-7904
bfinley@finley-pllc.com

*Attorneys for Plaintiff Gorman*