UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN RE: JOHNSON CONTROLS, INC.
DATA INCIDENT LITIGATION

Lead Case No.: 25-cv-0955

This Order Relates to: ALL ACTIONS

# ORDER GRANTING MOTION TO CONSOLIDATE AND TO APPOINT INTERIM CLASS COUNSEL AND AN EXECUTIVE COMMITTEE

More than a dozen plaintiffs across North America have filed suit against Johnson Controls Inc., a home technology company that allegedly compromised the private information of thousands of individuals. *See Hoon v. Johnson Controls*, Case No. 25-cv-0955; *Zaplotinsky-Cameron v. Johnson Controls, Inc.*, Case No. 25-cv-00958; *Alkhatib v. Johnson Controls, Inc.*, Case No. 25-cv-00968; *Scott-LaRosa v. Johnson Controls, Inc.*; Case No. 25-cv-00969; *Bunn v. Johnson Controls, Inc.*, Case No. 25-cv-01028; *Hefley v. Johnson Controls, Inc.*, Case No. 25-cv-01036; *Gorman v. Johnson Controls, Inc.*, Case No. 25- cv-01049; *M. v. Johnson Controls, Inc.*, Case No. 25-cv-01057; *Brown v. Johnson Controls, Inc.*, Case No. 25-cv-01061; *Bauer v. Johnson Controls, Inc.*, Case No. 25-cv-01071; *Flower v. Johnson Controls, Inc.*, Case No. 25-cv-01075; *Burnell et al. v. Johnson Controls, Inc.*, Case No. 25-cv-01085; *Kaprelian et al. v. Johnson Controls, Inc.*, Case No. 25-cv-01091 (collectively, the "Related Actions"). Plaintiffs in the Related Actions jointly move to consolidate the actions, as well as any that may be filed in the future. (*Hoon v. Johnson Controls*, Case No. 25-cv-0955, ECF No. 13.) Plaintiffs also move for appointment of a leadership group composed of Interim Class Counsel and an Executive Committee. (*Id.*) Johnson Controls does not oppose consolidation and takes no position on the motion to appoint Interim Class Counsel or an Executive Committee. (*Id.* at 5.) Because the cases involve common questions of law and fact and consolidation will promote judicial efficiency, the motion to consolidate will be granted. And because the Court finds that the requirements of Rule 23 of the

Federal Rules of Civil Procedure are satisfied, the Court will appoint Interim Class Counsel and an Executive Committee.[1]

## BACKGROUND

Defendant Johnson Controls develops and manufactures building technology such as industrial control systems, security equipment, HVAC systems, and fire safety equipment. On September 24, 2023, the company discovered a data breach had exposed the names, dates of birth, addresses, driver's license numbers, and Social Security numbers of several of its clients as well as former and current employees. (*Hoon v. Johnson Controls*, Case No. 25-cv-0955, ECF No. 1 ¶¶4, 21, 24.) It began notifying those affected over two years later, on June 30, 2025, leading to the filing of these lawsuits. (*Id.* ¶26.)

## LEGAL STANDARD

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions[.]" Fed. R. Civ. P. 42(a)(2). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018). In the Eastern District of Wisconsin, a motion to consolidate "must be decided by the judge to whom the lowest numbered case is assigned." Civ. L.R. 42(a) (E.D. Wis. 2010). When a Court consolidates a large number of putative class actions, it may also appoint interim class counsel under Rule 23(g)(3) of the Federal Rules of Civil Procedure. *See Smith v. State Farm Mut. Automobile Ins. Co.*, 301 F.R.D. 284, 288 (N.D. Ill. 2014); *Moehrl v. Nat'l Ass'n of Realtors*, No. 19-CV-01610, 2020 WL 5260511, at *1 (N.D. Ill. May 30, 2020).

## ANALYSIS

**I.   The Actions Involve Common Questions of Fact and Law and Will Thus Be Consolidated to Promote Judicial Efficiency.**

The actions pending before the Court are ripe for consolidation. Each seeks to certify a nationwide class action against the same defendant for substantially similar violations of law arising from the same set of underlying facts. None of the cases has progressed beyond the others. Consolidation will, therefore, conserve resources and eliminate the risk of inconsistent rulings. Other courts have consolidated data-breach actions for similar reasons. *See In re Target Corp. Customer Data Sec. Breach Litig.*, Pretrial Order No. 1 at 1, 14-md-2522, ECF No. 4 (D. Minn.

---

[1] Plaintiffs' most recent motion, filed on August 19, 2025, is the one that will be granted. (*See Hoon v. Johnson Controls*, Case No. 25-cv-0955, ECF No. 13.) The earlier motion to consolidate filed on July 9, 2025, (*see id.*, ECF No. 2), will be denied as moot.

Apr. 14, 2014); *In re The Home Depot, Inc. Customer Data Sec. Breach Litig.*, Case Management Order No. 2 at 1-2, No. 1:14-md-2583, ECF No. 36 (N.D. Ga. Jan. 16, 2015); *First Choice Fed. Credit Union v. The Wendy's Co., et al*, Order of July 12, 2016, 2:16-cv-506, ECF No. 20 (W.D. Pa. July 12, 2016). For these reasons, this Court will grant the motion to consolidate and designate *Hoon v. Johnson Controls, Inc.*, Case No. 25-cv-0955-bhl, as the lead case for the consolidated proceedings.

II.     **Plaintiffs' Proposed Leadership Structure Satisfies the Requirements of Rule 23(g).**

Plaintiffs also seek an order appointing Raina Borrelli of Strauss Borrelli PLLC, Jeff Ostrow of Kopelowitz Ostrow Ferguson Weiselberg Gilbert, Gary M. Klinger of Milberg Coleman Bryson Phillip Grossman PLLC, and Kevin Laukaitis of Laukaitis Law LLC, as Interim Class Counsel, and appointing an Executive Committee comprised of Rachele R. Byrd of Wolf Haldenstein Adler Freeman & Herz LLP, Jon A. Tostrud of Tostrud Law Group P.C., James F. Woods of Woods Lonergan PLLC, Maureen Brady of McShane & Brady, LLC, Laura Van Note of Cole & Van Note, Erik Langeland of Erik H. Langeland P.C., Paul J. Doolittle of Poulin, Willey, Anastopoulo, M. Anderson Berry of Arnold Law Firm, David Goodwin of Gustafson Gluek PLLC, Amber L. Schubert of Schubert Jonckheer & Kolbe LLP, and Emma Ritter Gordon of Lockridge Grindal Nauen PLLP. (*Hoon v. Johnson Controls*, Case No. 25-cv-0995, ECF No. 14 at 5.) All Plaintiffs in the Related Actions consent to the proposed leadership structure. (*Id.*)

Federal Rule of Civil Procedure 23(g)(3) permits a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." But it must first consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the type of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]" Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv). It may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class[.]" Fed. R. Civ. P. 23(g)(1)(B).

Plaintiffs provide extensive documentation demonstrating the experience, competence, and diligence of each member of the proposed leadership group. (*Hoon v. Johnson Controls*, Case No. 25-cv-0955, ECF Nos. 14-1–15.) The lawyers and their respective firms have substantial experience litigating complex class action data breach cases. (*Id.*, ECF No. 14 at 12–22.) The members of this proposed leadership time have already dedicated significant time and effort

investigating the matters alleged in the various complaints pending in this district. (*Id.* at 11.) Collectively, they have significant experience litigating in this field and are all familiar with the applicable law surrounding data privacy cases. (*Id.* at 23.) Moreover, the proposed members of the leadership group and their respective firms have the resources to see this litigation through to its end, including trial if necessary. (*Id.* at 23–25.) The Court finds that the proposed leadership group satisfies all four considerations outlined in Rule 23(g)(1)(A). Accordingly, the Court will grant the motion and appoint Interim Class Counsel and the Executive Committee as requested.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Hoon's motion to consolidate the Related Actions is **GRANTED**. The Related Actions shall be consolidated pursuant to Federal Rule of Civil Procedure 42(a) and Civil Local Rule 42(a). The Clerk is directed to designate *Hoon v. Johnson Controls, Inc.*, Case No. 25-cv-0955-bhl, as the lead case for the consolidated proceedings and to administratively close the remaining actions.

**IT IS FURTHER ORDERED** that pursuant to Civil Local Rule 42(b), all filings in the consolidated proceedings shall be filed in Case No. 25-cv-00955 and shall reflect the consolidated caption from this order.

**IT IS FURTHER ORDERED** that the case file for the consolidated proceedings will be maintained under Case No. 25-cv-00955. When a filing is intended to apply to all actions to which this Order applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the consolidated caption. When a filing is not intended to apply to all actions, the docket number for each individual action to which the filing is intended to apply and the last name of the first named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the consolidated caption.

**IT IS FURTHER ORDERED** that upon the filing of any additional case in this District arising out of the same facts and raising the same or similar legal issues, any party to the consolidated proceedings may file a notice of related action in the lead case, whereupon the Court will direct the Clerk to add the newly filed case to the consolidated proceedings. Such consolidation will be without prejudice to the rights of the parties thereto to thereafter move for deconsolidation of a particular action by showing why that action should not be consolidated under Rule 42 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Raina Borrelli of Strauss Borrelli PLLC; Jeff Ostrow of Kopelowitz Ostrow Ferguson Weiselberg Gilbert; Gary M. Klinger of Milberg Coleman Bryson Phillip Grossman PLLC; and Kevin Laukaitis of Laukaitis Law LLC are appointed Interim Class Counsel for all Plaintiffs. Interim Class Counsel must assume responsibility for the following duties during all phases of this litigation:

1. Coordinating the work of preparing and presenting all of Plaintiffs' claims and otherwise coordinating all proceedings, including organizing and supervising the efforts of Plaintiffs' counsel in a manner to ensure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, expeditiously, and economically;

2. Delegating work responsibilities and monitoring the activities of all Plaintiffs' counsel in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

3. Calling meetings of Plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court, and initiating proposals, suggestions, schedules, and any other appropriate matters;

4. Determining (after consultation with other co-counsel as may be appropriate) and presenting (in briefs, oral argument, or such other fashion as he or his designee may deem appropriate) to the Court and opposing parties the position of Plaintiffs on all matters arising during pretrial (and, if appropriate, trial) proceedings;

5. Serving as the primary contact for all communications between Plaintiffs and Defendant, and acting as spokespersons for all Plaintiffs vis-à-vis Defendant and the Court;

6. Directing and executing on behalf of Plaintiffs the filings of pleadings and other documents with the Court;

7. Appearing at all court hearings and conferences regarding the case as most appropriate for effective and efficient representation, and speaking for Plaintiffs at all such hearings and conferences;

8. Receiving and initiating communication with the Court and the Clerk of Court (including receiving orders, notices, correspondence, and telephone calls) and dispensing the content of such communications among Plaintiffs' counsel;

9. Initiating and conducting discussions and negotiations with counsel for Defendant on all matters, including settlement;
10. Negotiating and entering into stipulations with opposing counsel as necessary for the conduct of the litigation;
11. Initiating, coordinating, and conducting all discovery on Plaintiffs' behalf and ensuring its efficiency;
12. Selecting, consulting with, and employing experts for Plaintiffs, as necessary;
13. Encouraging and enforcing efficiency among all Plaintiffs' counsel;
14. Assessing Plaintiffs' counsel for the costs of the litigation;
15. Preparing and distributing periodic status reports to the Court and to the parties as ordered;
16. Developing and recommending for Court approval practices and procedures pertaining to attorneys' fees and expenses as further detailed below and, on an ongoing basis, monitoring and administering such procedures. At such time as may be appropriate, Class Counsel also will recommend apportionment and allocation of fees and expenses subject to Court approval; and
17. Performing such other duties as are necessary in connection with the prosecution of this litigation or as may be further directed by the Court.

**IT IS FURTHER ORDERED** that Rachele R. Byrd of Wolf Haldenstein Adler Freeman & Herz LLP; Jon A. Tostrud of Tostrud Law Group P.C.; James F. Woods of Woods Lonergan PLLC; Maureen Brady of McShane & Brady LLC; Laura Van Note of Cole & Van Note; Erik Langeland of Erik H. Langeland P.C.; Paul J. Doolittle of Poulin, Willey, Anastopoulo; M. Anderson Berry of Arnold Law Firm; David A. Goodwin of Gustafson Gluek PLLC; Amber L. Schubert of Schubert Jonckheer & Kolbe LLP; and Emma Ritter Gordon of Lockridge Grindal Nauen PLLP are appointed to Plaintiffs' Executive Committee. The Executive Committee shall perform functions as directed by Interim Class Counsel, or as may be expressly authorized by Order of the Court. The Executive Committee and all other Plaintiffs' counsel who are or may become involved in the consolidated proceedings are prohibited from undertaking any work (including filings, discovery, or other litigation activities) or taking any action on behalf of the putative class in the consolidated proceedings without advance authorization from Interim Class Counsel, except for an application to modify or be relieved from this Order. Interim Class Counsel

and the Executive Committee shall take all reasonable steps to avoid duplicative work and ensure that work is performed efficiently.

**IT IS FURTHER ORDERED** that Interim Class Counsel and all members of the Executive Committee shall maintain contemporaneous and detailed time and expense records. Interim Class Counsel shall collect these records on a regular basis and review them to ensure that only authorized, reasonable, and non-duplicative work is submitted for potential reimbursement.

**IT IS FURTHER ORDERED** that, in advance of each status conference, Interim Class Counsel and Defendant's counsel will meet and confer regarding the agenda for the conference. Unless otherwise ordered, Interim Class Counsel and Defendant's counsel will file a joint notice setting out the proposed agenda and the parties' joint and/or respective positions no later than five calendar days prior to each status conference.

**IT IS FURTHER ORDERED** that this Order applies to all actions included in the above-captioned consolidated matters and all subsequently consolidated actions. Interim Class Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for the plaintiffs in any related action not yet consolidated in this proceeding, to the extent that Interim Class Counsel is aware of any such action(s), and on all attorneys for Plaintiffs whose cases have been so consolidated but who have not yet registered for ECF.

**IT IS FURTHER ORDERED** that the consolidated plaintiffs must file a consolidated class action complaint within **30 days** of the date of this Order. Defendant must then respond to the consolidated class action complaint within **30 days** of the filing of the consolidated class action complaint.

Dated at Milwaukee, Wisconsin on November 3, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge