UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

IN RE: JOHNSON CONTROLS, INC.
DATA INCIDENT LITIGATION

Lead Case No.: 25-cv-0955

This Order Relates to: ALL ACTIONS

---

**ORDER GRANTING PRELIMINARY APPROVAL**
**FOR CLASS ACTION SETTLEMENT**

---

Having reviewed the unopposed motion by Plaintiffs for Preliminary Approval of the Parties' proposed Class Action Settlement Agreement (the "Settlement Agreement"), the Memorandum of Points and Authorities, the declarations in support, the Settlement Agreement and its exhibits, the pleadings and record in this action, and the arguments of counsel, and good cause appearing, **IT IS HEREBY ORDERED that:**

1. The Parties' unopposed motion for preliminary approval of their class action settlement, ECF No. 36, is **GRANTED.**

2. This Preliminary Approval Order incorporates the Settlement Agreement, and the terms used have the meanings and/or definitions given to them in the Agreement, as submitted to the Court with the motion.

3. For purposes of settlement and conditioned upon the Settlement receiving final approval following the Final Approval Hearing, this Court conditionally certifies the Settlement Class, defined as: "all living individuals residing in the United States who were sent notice that their Private Information may have been compromised as a result of the Data Incident." Excluded from the Settlement Class are: (a) directors or officers of Defendant, and any entity in which

Defendant has a controlling interest; (b) governmental entities; (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff; (d) any Settlement Class Member who timely and validly opted out of the Settlement; and (e) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident, or who pleads *nolo contendere* to any such charge.

4. For the purposes of settlement, under Fed. R. Civ. P. 23: (a) the number of members of the Settlement Class are so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to members of the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the members of the Settlement Class; (d) the Plaintiffs are adequate representatives for the Settlement Class, and have retained experienced and adequate Class Counsel; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting any individual members of the Class; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

5. The named plaintiffs Jennifer C. Gorman, Hal Bauer, Derek Hefley, Carol McKinnon, Frank Waddell, Chris Broadhead, Mohammad Asem Alkhatib, and William John Pacheco are appointed as class representatives.

6. Raina Borrelli of Strauss Borrelli PLLC, Jeff Ostrow of Kopelowitz Ostrow P.A., Gary Klinger of Milberg PLLC, and Kevin Laukaitis of Laukaitis Law, LLC are appointed as class counsel.

7. Kroll Settlement Administration LLC is appointed as Settlement Administrator. The Settlement Administrator shall abide by the terms and conditions of the Settlement Agreement that pertain to settlement and claims administration.

8. The Final Approval Hearing Date shall take place on **January 15, 2027 at 9:30 a.m.** at the telephonic Final Approval Hearing to consider and confirm as final: (a) the fairness, reasonableness, and adequacy of the proposed Settlement Agreement; (b) any objections made by Settlement Class Members to the proposed Settlement Agreement; (c) whether the Settlement Agreement should be finally approved by this Court; (d) Class Counsel's motion for attorneys' fees, costs, and Service Awards; and (e) such other matters as this Court may deem proper and necessary. To appear, counsel must call the Court conference line at 1-669-254-5252, enter Meeting ID 160 9600 2659 and Passcode 243805 before the scheduled hearing time.

9. The proposed form, timing, and method of Notice to the Class, described in the Settlement Agreement, including the Postcard Notice, Long Form Notice, and Claim Form attached to the Settlement Agreement as Exhibits 1–3, are approved for the purpose of notifying the members of the Settlement Class of the proposed Settlement Agreement, the Final Approval Hearing date, and the rights of Settlement Class Members to exclude themselves or object to the Settlement. The Notice shall be disseminated to the members of the Settlement Class substantially in the forms approved. The Parties may by mutual, written consent, make non-substantive changes to the notices without further Court approval. The costs of giving notice to the members of the Settlement Class shall be paid from the Settlement Fund.

10. The Settlement Administrator shall give notice to the Settlement Class within 45 days after the entry of this Preliminary Approval Order, including by U.S. Mail, email, and website publication as set forth in the Settlement Agreement.

11. The Claim Form, Long Form Notice, Settlement Agreement, and this Preliminary Approval Order shall be posted on the Settlement Website created by the Settlement Administrator.

12. In advance of the Final Approval Hearing, the Settlement Administrator shall provide the Court with a declaration regarding the Notice and Claims process, including a complete and final list of all Opt-Outs and a copy of all Objections submitted.

13. The Notice Program, as set forth in the Settlement Agreement, is the best notice practicable under the circumstances and is reasonably calculated to apprise the members of the Settlement Class of the pendency of this action and their right to participate in, object to, or exclude themselves from the Settlement. The Notices satisfy the requirements of due process.

14. Settlement Class Members who wish to exclude themselves from the Settlement Class for this Settlement may do so by submitting a request to opt out to the Settlement Administrator that is postmarked no later than the last day of the Opt-Out Period. The request to opt-out for exclusion must comply with the procedures set forth in the Settlement Agreement. Each Settlement Class Member desiring to exclude himself or herself shall timely submit written with such intent to the designated address set forth in the Notice. The written notice must clearly manifest the intent to opt out of the Settlement Class and must be signed by the Settlement Class Member. A request to opt out may not request an opt-out for more than one member of the Settlement Class. Each opt-out must be individually submitted; "mass" or "class" opt-outs are not permitted.

15. Any Settlement Class Member who timely requests to opt out consistent with these procedures may not file an objection to the Settlement Agreement and shall be deemed to have waived any rights or benefits under the Settlement Agreement. Settlement Class Members who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the final judgment.

16. Any Settlement Class Member who has not timely filed a request for exclusion may

object to the granting of final approval to the Settlement. Settlement Class Members may object on their own or through separate counsel at their own expense.

17. Any written objection to the Settlement Agreement must comply with the objection procedures set forth in the Settlement Agreement and must be submitted on or before the Objection Deadline. Any Settlement Class Member who does not make objections in the manner and by the date set forth waives any objections and shall be forever barred from raising such objections, except upon personal appearance at the Final Approval Hearing. Any Settlement Class Member may personally appear at the Final Approval Hearing and orally state his or her objection, subject to Court approval.

18. All proceedings in this Action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Settlement Agreement.

19. In the event that the Settlement Agreement is terminated pursuant to its terms, disapproved by any court, or not consummated for any reason, or the Effective Date does not occur, the order certifying the Settlement Class for purposes of effectuating the Settlement Agreement and all preliminary findings regarding that certification shall be automatically vacated, and the action shall proceed as though the Settlement Class had never been certified pursuant to the Settlement Agreement.

20. For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains jurisdiction over the settlement proceedings to ensure the effectuation of the preliminarily approved Settlement.

21. The Parties are directed to carry out their obligations under the Settlement Agreement. Deadlines arising under the settlement and this Preliminary Approval Order include, but are not limited to:

| EVENT | DATE |
| --- | --- |
| Defendant to provide the Class List to the Settlement Administrator | Within ten (10) days of Preliminary Approval |
| Notice sent to Settlement Class Members | 45 days after the Preliminary Approval Order |
| Opt-Out and Objection Deadline | 60 days after the Notice Date |
| Deadline for Settlement Class Members to Submit Claim Forms | 90 days after the Notice Date |
| Deadline for Plaintiffs to File Motion for Final Approval and Application for Attorneys' Fees, Costs, and Service Awards | No later than 45 days after the Notice Date |
| Final Approval Hearing | On **January 15, 2027, at 9:30 am**. |

Dated at Milwaukee, Wisconsin on September 18, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge